[Cite as *State v. Griffin*, 2014-Ohio-690.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John. W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMIE GRIFFIN | : | Case No. 2013CA00128 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Massillon Municipal
                                  Court, Case No. 2013CRB985


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 February 24, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT A. ZEDELL                          GEORGE URBAN
Prosecuting Attorney                      116 Cleveland Ave. NW
Massillon Law Department                  Suite 808
Two James Duncan Plaza                    Canton, OH 44702
Massillon, OH 44646

*Baldwin, J.*

{¶1} Defendant-appellant Jamie Griffin appeals her conviction and sentence from the Massillon Municipal Court on two counts of endangering children. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 9, 2013, appellant was charged with two (2) counts of endangering children in violation of R.C. 2919.22(A), misdemeanors of the first degree. At her arraignment on May 10, 2013, appellant entered a plea of not guilty to the charges. A bench trial was held on June 5, 2013. The following testimony was adduced at trial.

{¶3} On May 8, 2013, Sergeant Kenneth Smith of the City of Massillon Police Department went to an address in Massillon, Ohio in response to a tip that Keith Hollinger, a wanted fugitive, was present and that prescription medications were being abused there. Appellant answered the door to the apartment and, when asked if Hollinger was inside, indicated that he was. After executing the warrant on Hollinger, Sergeant Smith observed Thomas Weisser inside the apartment. According to Sergeant Smith, there was an active civil protection order (CPO) against Weisser which prohibited him from having contact with appellant and her two minor children who were present in the apartment. Sergeant Smith testified that appellant told him that she felt sorry for Weisser because he did not have a place to stay.

{¶4} On cross-examination, Sergeant Smith testified that when he arrived at the apartment, he did not hear yelling or screaming or either child crying. He further testified that he did not see Weisser or appellant assault either of the children or

threaten them. He also testified that there was no indication that the children had any injuries.

{¶5} Massillon Police Officer Tom Rogers testified that he was with his partner, Sergeant Smith, on May 8, 2013 and entered appellant's apartment after she answered the door. After Hollinger was arrested, the officers asked appellant if Weisser was there and appellant stated that he was. Officer Rogers testified that he knew Weisser was not supposed to be present because of the CPO. On cross-examination, he testified that, on May 8, 2013, there was no indication that the children had been the victims of an assault and that Weisser did not pose a danger to the children on that specific night.

{¶6} The next witness to testify was Officer Chad Kanouff of the Jackson Township Police Department who testified that he was working on November 18, 2012 and responded to a domestic dispute call. The woman who had called stated that either her husband or her boyfriend was threatening her and supposedly held a knife to her throat. Weisser was arrested for domestic violence against appellant. On cross-examination, Officer Kanouff testified that the complaint issued did not mention anything about any assault on children and that Weisser was not charged with assaulting or threatening any children on November 18, 2012.

{¶7} The final witness to testify was Officer Andrew Speight of the Jackson Township Police Department. He testified that on November 18, 2012, he responded to appellant's residence with other officers. He testified that a dispatcher had received a call about a domestic dispute involving a knife. When the officers arrived on the scene, they found appellant hanging out of an upstairs window screaming for help. Appellant told the officers that Weisser had placed a machete to her neck and Officer Speight

observed red marks on her neck. According to the officer, she seemed fearful of Weisser. Weisser was then arrested.

{¶8}    The trial court found appellant guilty of both counts of endangering children and, On June 5, 2013, sentenced appellant to 180 days in jail with all but 29 days suspended. In addition, the trial court ordered appellant to pay $100.00 in fines and ordered her to comply with Child Protective Services and Northeast Behavioral Health.

{¶9}    Appellant now raises the following assignment of error on appeal:

{¶10}   THE DEFENDANT'S CONVICTIONS FOR TWO COUNTS OF CHILD ENDANGERING IN VIOLATION OF R.C. 2919.22 WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

I

{¶11}   Appellant, in her sole assignment of error, argues that her convictions for child endangering were against the manifest weight and sufficiency of the evidence. We disagree.

{¶12}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶13} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶14} Appellant was convicted of child endangering in violation of 2919.22(A). Such section states, in relevant part, as follows: "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support…" R.C. 2901.01(A)(8) states that "'[s]ubstantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."

{¶15} Appellant argues that the evidence was insufficient to show that she violated a duty of care towards her children or that she created a substantial risk to their safety. In turn, appellee argues that by allowing Weisser to be in her home in violation of the civil protection order, appellant was in breach of her duty to protect her children.

{¶16} At the trial, testimony was adduced that after Weisser, on November 18, 2012, held a knife to appellant's throat, appellant obtained a CPO against him. The CPO covered not only appellant, but her two minor children. The complaint that was filed as a result of such incident stated that Weisser had threatened to kill appellant and let her bleed out. Appellant was then charged with domestic violence. However, in spite

of the foregoing, appellant, on May 8, 2013, allowed appellant into her home where the two children were present because she felt sorry for him.

{¶17} Based on the foregoing, we find that any, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of endangering children proven beyond a reasonable doubt. We further find that the trial court, as trier of fact, did not lose its way in convicting appellant.

{¶18} Appellant's sole assignment of error is, therefore, overruled.

{¶19} Accordingly, the judgment of the Massillon Municipal Court is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.